J-A10037-26

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT O.P. 65.37**

| | | |
|---|---|---|
| YAIRI VAZQUEZ DE LA CRUZ | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| | : | |
| PENNSYLVANIA FINANCIAL | : | |
| RESPONSIBILITY ASSIGNED CLAIMS | : | |
| PLAN | : | No. 413 EDA 2025 |
| | : | |
| Appellant | : | |

Appeal from the Judgment Entered February 2, 2025
In the Court of Common Pleas of Philadelphia County Civil Division at
No(s):  230102647

BEFORE:   STABILE, J., LANE, J., and STEVENS, P.J.E.[*]

MEMORANDUM BY STEVENS, P.J.E.:           **FILED JULY 29, 2026**

Appellant, the Pennsylvania Financial Responsibility Assigned Claims Plan (hereinafter "the Plan"), appeals from the judgment entered February 2, 2025, in the Court of Common Pleas of Philadelphia County Civil Division finding in favor of Appellee, Plaintiff in the underlying matter, Yairi Vazquez de la Cruz (hereinafter "Appellee") and awarding Appellee $15,000.  After careful review, we vacate the judgment, reverse, and remand with instructions.

The challenged judgment was entered following a non-jury trial at which time the parties agreed that the facts underlying this action were not in

_____

[*] Former Justice specially assigned to the Superior Court.

dispute, and only the legal question of whether Appellee was entitled to recover benefits from the Plan was at issue. N.T. Non-jury trial 10/7/2024 (hereinafter "N.T. Non-jury trial") at 13. Pursuant to 75 Pa.C.S. § 1752(a):

> A person is eligible to recover benefits from the Assigned Claims Plan if the person meets the following requirements:
>
> (1) Is a resident of this Commonwealth.
>
> (2) Is injured as the result of a motor vehicle accident occurring in this Commonwealth.
>
> (3) Is not an owner of a motor vehicle required to be registered under Chapter 13 (relating to registration of vehicles).
>
> (4) Is not the operator or occupant of a motor vehicle owned by the Federal Government or any of its agencies, departments or authorities.
>
> (5) Is not the operator or occupant of a motor vehicle owned by a self-insurer or by an individual or entity who or which is immune from liability for, or is not required to provide, benefits or uninsured and underinsured motorist coverage.
>
> (6) Is otherwise not entitled to receive any first party benefits under section 1711 (relating to required benefits) or 1712 (relating to availability of benefits) applicable to the injury arising from the accident.
>
> (7) Is not the operator or occupant of a recreational vehicle not intended for highway use, motorcycle, motor-driven cycle or motorized pedalcycle or other like type vehicle required to be registered under this title and involved in the accident.

Here, the parties agree that the only disputed factor concerning Appellee's eligibility to recover benefits from the Assigned Claims Plan is whether she is entitled to receive first party benefits from American

Independent Insurance Company (hereinafter "AIIC"). N.T. Non-jury trial at 13

By way of background, we observe it is uncontested by these parties that Appellee was injured as a result of an accident which occurred on April 16, 2019, while traveling in a vehicle driven by Carol Castro (hereinafter "Castro"). Although Castro was a resident family member of the vehicle's owner and insurance policy holder, Wineska Navarro-Agosta (hereinafter "Navarro-Agosta"), and the vehicle was insured by AIIC, Castro was not named on the policy. It is further uncontested that Appellee sued and obtained a default judgment against the at-fault party. However, no responsible party had insurance at the time of the accident, and as such Appellee was unable to recover therefrom.

Further, on or about July 14, 2021, AIIC filed a declaratory judgment action against a number of parties involved in the accident, including Appellee, seeking a declaration that *neither Navarro-Agosta nor Castro* were "entitled to coverage, defense or indemnification, for any claims arising out of the April 16, 2019 accident, including any claims made by Defendants [including, *inter alia*,] Yairi De La Cruz []" on the basis that, pursuant to "Part I – Liability to others," the policy stated:

**EXCLUSIONS-READ THE FOLLOWING EXCLUSIONS CAREFULLY. IF ANY EXCLUSION APPLIES, COVERAGE WILL NOT BE AFFORD UNDER THIS PART I.**

…

11. For **bodily injury** or **property damage** resulting from the ownership, maintenance or use of any **vehicle** by any **resident**, including a **relative**, or your household who is not listed in the **Declarations Page** as a driver or operator."

American Independent Insurance Company's "Declaratory Judgment – Civil Action," filed 7/14/2021 (hereinafter "AIIC's declaratory judgment action") at 6 (unpaginated)(emphasis present in original).

Of particular note, AIIC's declaratory judgment action made absolutely no mention of the policy's "Part II – First Party Benefits Coverage," nor any exclusions to coverage thereunder.

On August 11, 2022, AIIC was granted a declaratory order stating:

AND NOW, this 11th day of August, 2022, upon consideration of the Plaintiff American Independent Insurance Company's Motion for Judgment on the Pleadings, and any Answer thereto, it is hereby ORDERED that the motion is GRANTED.

IT IS FURTHER ORDERED AND DECREED that American Independent Insurance Company has no duty to indemnify, defend or provide liability insurance of Defendants Wineska Navarro-Agosto and Coral [sic] Castro for any claims arising out of a motor vehicle accident that occurred on April 16, 2019.

IT IS FURTHER ORDERED that American Independent Insurance Company has no duty to defend or indemnify Defendants Wineska Navarro-Agosto and Coral [sic] Castro for any claims arising out of the April 16, 2019 accident including any claims made by Defendant Michael Spinosa, Yairi De La Cruz, Jacqulyn Courtney, Braheem Swinton, Randee Benson and Josephine Rich.

Order entered in the Court of Common Pleas of Philadelphia County on August 15, 2022, in case No. 210701218 at 1-2 (unpaginated).

In the instant matter, on October 21, 2024, the trial court entered a finding in favor of Appellee in the amount of $15,000, but the court did not at that time issue an opinion explaining its ruling. Appellant filed a timely Motion for Post Trial relief, which was denied on January 15, 2025, and judgment was entered on February 2, 2025. Appellant filed a timely notice of appeal on February 7, 2025.

The trial court requested no statement of errors complained of on appeal but did issue an opinion dated July 11, 2025. In its Opinion, the trial court held: that Appellee was not entitled to first party benefits under the AIIC policy pursuant to the declaratory judgment order; that the coordinate jurisdiction rule precluded the lower court from overturning the declaratory judgment order; and that Appellee was therefore entitled to recover benefits from the Assigned Claims Plan where she was not otherwise entitled to recover from AIIC. Trial Court Opinion filed July 11, 2025 (hereinafter "Trial Court Opinion"). Despite the fact that the question before the lower court therefore turned entirely on whether or not Appellee is entitled to receive first party benefits under Part II of the AIIC policy issued to Navarro-Agosta, AIIC was not joined in the underlying action.

Preliminarily, we note that "[t]he failure to join an indispensable party is a non-waivable defect that implicates the trial court's subject matter

jurisdiction," and thus is an issue that "should be raised *sua sponte*," which this court may do "even though the parties and trial court did not." ***Strasburg Scooters, LLC v. Strasburg Rail Rd.,*** 210 A.3d 1064, 1069-1070 (Pa. Super. 2019)(*citing **Northern Forests II, Inc. v. Keta Realty Co.***, 2015 PA Super 253, 130 A.3d 19, 28-29 (Pa. Super. 2015); ***Barren v. Dubas***, 295 Pa. Super. 443, 441 A.2d 1315, 1316 (Pa. Super. 1982)).

> A party is indispensable when his or her rights are so connected with the claims of the litigants that no decree can be made without impairing those rights. If no redress is sought against a party, and its rights would not be prejudiced by any decision in the case, it is not indispensable with respect to the litigation. We have consistently held that a trial court must weigh the following considerations in determining if a party is indispensable to a particular litigation:
>
> 1. Do absent parties have a right or an interest related to the claim?
>
> 2. If so, what is the nature of that right or interest?
>
> 3. Is that right or interest essential to the merits of the issue?
>
> 4. Can justice be afforded without violating the due process rights of absent parties?

***Id.***

In matters where an indispensable party was not joined in the underlying proceedings, this Court has held that the proper remedy is to dismiss the complaint without prejudice rather than enter any form of judgment. ***Orman v. Mortg. I.T.***, 118 A.3d 403, 408 (Pa. Super. 2015).

As the sole question at issue before the lower court was whether Appellee is entitled to receive first party benefits from AIIC pursuant to the policy issued to Navarro-Agosta, we find that AIIC was undoubtedly an indispensable party. While here the trial court found that the question of whether AIIC was obligated to pay first party benefits had been answered prior to trial in the underlying matter, that conclusion simply is not supported by the record on appeal[1].

Indeed, contrary to the trial court's holding, whether Appellee was eligible to recover first party benefits under the AIIC policy simply was not addressed in the declaratory judgment action. First, the declaratory judgment order, on its face, addressed only an exception to coverage for *liability to others* under Part I of the policy, and only addressed AIIC's obligations to Navarro-Agosta and Castro as relates to claims made by Appellee and the other defendants. Nowhere in the declaratory judgment action or order was

_____

[1] To the extent that the trial court understood the Motor Vehicle Financial Responsibility Law (hereinafter "MVFRL") to draw no distinction between first party benefits and liability insurance, and thus concluded that the two are "one in [sic] the same," it has erred. Trial Court Opinion at 6. In fact, our Supreme Court has made clear that "first-party coverage and third-party coverage are distinct." **Corbin v. Khosla**, 615 Pa. 186 (2012)(differentiating between the MVFRL's separate mandates under subchapter A, requiring " that all owners of currently registered private passenger motor vehicles in Pennsylvania must maintain the ability to respond in damages to liability," and subchapter B, requiring "that all motor vehicle insurance policies issued in Pennsylvania must include [*inter alia*] a first-party medical benefit in the minimum amount of $5000" with "no requirement to prove fault or liability in order to make a claim for first-party benefits").

there any mention of AIIC's obligations to any passenger of the insured vehicle pursuant to Part II of the Policy relating to first party benefits.

Further, contrary to the trial court's assertion that Appellant argued that AIIC erroneously denied Appellee first party benefits[2], we note that Appellant in fact contended that Appellee would be entitled to first party benefits under Part II of the AIIC policy because she was a passenger in the insured vehicle at the time of the accident. However, in their declaratory judgment action, AIIC only averred that, at the time of the accident, the vehicle was occupied by Castro, her mother, the policy-holder, Navarro-Agosta, and a second passenger named Albauo Flores. AIIC's Declaratory Judgment Action at 6. Thus, even should the declaratory judgment action have addressed first party benefits owed to passengers, which it did not, there is no support in the record for the conclusion that the declaratory judgment order so much as contemplated *Appellee's* rights as a passenger in the vehicle at the time of the accident, let alone that it was determinative thereof.

As such, we find that the declaratory judgment order in no way resolved the question of whether Appellee is entitled to first party benefits under the

_____

[2] The trial court seems to be operating under the assumption that Appellee submitted a claim for first party benefits to AIIC but was denied. Trial Court Opinion at 3. There is no indication anywhere in the record that this is the case; rather, Appellee admitted in response to an interrogatory that no such claim was ever filed with AIIC. **See** Plaintiff's Answer to Defendant's Supplemental Interrogatories and Document Requests dated February 12, 2024, at 1.

AIIC Policy, and as that question is still unanswered, AIIC is an indispensable party to the instant action.

Thus, as the trial court's ruling was based entirely upon an unsupported and unsupportable conclusion that the declaratory judgment order denied Appellee first party benefits under the AIIC Policy, and where AIIC is itself an indispensable party to any litigation concerning the question of whether Appellee indeed is entitled to fist party benefits under said policy, we must vacate the judgment, reverse the order of the lower court, and remand with instructions to dismiss the matter without prejudice for lack of subject matter jurisdiction.

Judgment Entered.

Benjamin D. Kohler, Esq.
Prothonotary

Date: 7/29/2026